ALEX. HANNERS, ET AL. v. HIRAM BAKER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—984.]

**Admissibility of Survey in Evidence.**

> A survey is not admissible in evidence where no notice thereof was served that such survey would be made.

**Assignment of Error.**

> The mere reference to the grounds for a new trial in the assignment of error does not sufficiently specify the matter or ground of error.

**Evidence of Proceeding in Court.**

> The proper manner of proving a proceeding in court is to introduced in evidence a certified copy of the complete record of the proceeding.

APPEAL FROM CARTER CIRCUIT COURT.

May 5, 1883.

OPINION BY JUDGE HARGIS:

A patent on the 7th of September, 1840, was issued to Robert Baker, the ancestor of the appellees, who brought this action to recover from appellants ninety-three acres of land embraced by the patent. On a former appeal in this case the judgment in favor of appellees was reversed because the circuit court improperly instructed the jury on the question of rescission and possession. Upon the return of the cause a new trial was had and resulted again in a verdict for the appellees, and the court having refused the appellants a new trial they have appealed from the judgment rendered in pursuance of the verdict for the ninety-three acres of land.

After Robert Baker had entered and surveyed the land in 1839, he sold it on the 31st of July, 1840, to the appellant, Alexander Hanners, who received from Baker a bond for title and took possession of the land. Hanners, becoming dissatisfied with the title, brought suit against Baker for a rescission, which they settled and it was dismissed. Hanners testified on cross-examination that "the suit was settled in this way: Baker paid him back the money he had paid for the land and gave him seven acres more land, and let him keep the ninety-three acres also and the title bond." This to say the least of it was a most unreasonable settlement on the part of Baker.

Had he returned the purchase-money to Hanners and given him seven other acres for trouble and got back the ninety-three acres himself, it would sound more like a settlement. Upon a rescission on equitable principles this would have been about the terms, there being no valuable improvements at that time and but little rent derived from the land. Besides the unreasonableness of appellants' theory, it appears that the bond from Baker to Hanners remained on file in the settled suit until the day before it was read to the jury, and consequently was not delivered to Hanners as evidence of any contract for title in the settlement between them.

In view of the opposing evidence the jury were authorized to find that a rescission was actually made by the parties as contended by Baker's heirs, and that the possession of the land was delivered to Baker in obedience to the terms of rescission. The jury having found, under instructions which are not questioned by the assignment of error, a verdict based upon the evidence indicated, the appellants complain because of the rejection of the deposition of Geo.

A. Conners, circuit clerk of Greenup county, wherein he testifies to the existence of a petition, amended petition, surveyor's report and final judgment in the case of *Griffith v. Floyd,* which is on file in his office, and that the appellants and the appellee, Pearce, were parties to that action. By a certified copy of the complete record in that action was the proper mode of presenting it. A part of the record was not competent because it might not correctly present the truth, and there is nothing to show notice of the acts of the surveyor although the order of court may have directed notice to be given to the parties. There was no error in rejecting this evidence for another reason. It is not shown nor does it appear from the rejected deposition or exhibits filed with it that they cover the land in controversy or any part of it. The mere fact that Pearce and the Hanners were parties to that suit does not make it evidence in this action, which seems not to be about the same land.

The record in the case of *Hanners v. Baker* was properly rejected because the parties agree that there was a settlement of that controversy and it was dismissed agreed, and there does not appear to have been any notice served to take the deposition or make the survey, and for all that appears before us the whole record might show an entirely different state of facts from that embraced by the survey. Instruction 6 asked by appellants, if we are right about the incompetency of the records offered as evidence, was properly refused.

The assignment of error presents no other question for our consideration, hence we can not investigate the question whether the verdict is contrary to the weight of the evidence. The mere reference to the grounds for a new trial in the assignment of error does not sufficiently specify the matter or ground of error.

Judgment *affirmed.*

*Wm. Bowling, E. F. Dulin, for appellants.*
*E. B. Wilhoit, for appellees.*